HARVARD LAW SCHOOL LIBRARY.

------

## Hook vs. Smith.

Proceedings under the act concerning mills and mill dams, (R. C. 1835, p. 405-6-7). H and S each, on the same day, presented separate petitions, to the circuit court, for leave to build different mill dams across the Lamine river. The jury assessed damages, on the petition of H to ten dollars by inundation of the land of S. On the petition of S they returned that no land would be inundated, or other injury done, by the erection of his dam. The site of H was a mile and a half higher up the stream than the site of S. Both cases were heard by the court at the same time. Held, that the circuit court did not improperly exercise its discretion in granting the petition of S and refusing that of H.

McGirk Judge dissenting.

Error to the circuit court of Saline county.

*Todd for Plaintiff.* ·

1st. The inquest of the jury is defective in not finding the state of facts with regard to the injury of the navigation

of the stream, and whether fish would be obstructed in their passage in the stream by the dam, as the Law and his writ required. 5 Littell 338. 1 Marsh, 535, do. 552. 2 Bibb 4.

2nd. From the facts, Hook has in law a right to the free use of the water within his land, for manufacturing purposes, and if he is using it no other individual has a right to injure him by overflowing his land or his works. 3 Kent's Com. 439. 10 Wend. 260. 7 Cowen 266. 17 Johns 306. 1 Bibb 379.

3rd. That his right is a natural and perfect *right* to the use of the water on his land, and the law does not tolerate that it may be taken away for the *convenience* of another, *ibid*.

4th. That it is Smith's misfortune, if his tract of land is too small to contain his desired overflow of water, or his dam too high to restrict him from injuring his neighbor; the maxim is strictly applicable "sic utere tuo, ut alienum non lædas."

5th. That in law there is no division of a judicial day, and Smith has no priority in time, by getting his petition and motion on the record before Hook, on the same day. 3 Stark. 1406.

### Miller for Defendant.

1st. That the jury of inquest having in their verdict found in favor of the petitioner, Smith, all those facts which are by law essentially necessary to exist, before the court could make the order in favor the of applicant, it then became a matter of some discretion of the court to refuse, or make an order to build the dam as proposed. R. C. 13 & 14 sec. *Mills and Mill dams*, 18.

2nd. That the court having permitted other testimony to be introduced than the verdict of the jury, upon the trial of the advantages and disadvantages which would result to the community at large, and private individuals, from the dam and mill. as proposed to be erected by Smith, and the bill of exceptions in this case not containing all that evidence, this court will presume, that there was sufficient evidence before the circuit court, upon which it would render a correct judgment and order and that the court upon the evidence

did exercise its discretion soundly and legally. Foster and
Foster vs. Nowlin Mo. R. 2, 18. Coleman vs. McNight,
Mo. R. 4, 83.

3rd. That the objector Hook, has his legal remedy against Smith for any injury or damage, which may result to him by the erection of a dam by Smith; which legal remedy has not been affected or impaired, by the order of the court, the verdict of the jury, nor by the laws of the State. Revised Code, Mills and Mill Dams, sec. 21. 3 Kent 441.

4. That as Smith's application was prior in time he had the better right.

*Opinion of the Court delivered by Tompkins Judge.*

Hook, and Smith each, on the 20th day of March in the year 1839, presented a petition to the circuit court of Saline county for leave to build a mill dam across Lamine river in said county of Saline, and in each case a jury was directed to view the premises and make their return to the court.

The jury assessed damages, on Hook's petition, to the amount of ten dollars by inundation of the land of Smith.

In the case of Smith's petition, the jury returned that no land would be inundated, and that no injury would be done to any body by the erection of his dam.

Hook filed objections to the erection of a dam by Smith, and Smith also filed objections to the erection of a dam by Hook.

The court overruled the objections made by Hook to the erection of a dam by Smith, and made an order that Smith have leave to erect a dam ten feet high across the river; and refused permission to Hook to build a dam.

In the bill of exceptions is this statement.

It was known by the judge of the court, and so stated by him, that the petition of Smith was presented, and the order made for the writ prior in point of time, on the day the court made the order in each case for a writ of ad quod damnum. It was proved by the objector, Hook, that upon the erection of a dam by the applicant Smith as prayed for, it would overflow the site prayed for upon which to erect his dam, and render such site of no value to him; that it was

P

about one and a half miles higher up the stream than the site of Smith. There was no evidence to prove that any other damage would arise from the construction of Smith's dam.

Upon this evidence, the court gave leave to Smith to erect his dam, and build his mill, and overruled the objections made by Hook.

On the side of Hook it is contended, that his site being the highest up the stream, and Smith not being able to raise a dam as high as the order of the court permits him, without overflowing the site of Hook, his petition ought to have been postponed to that of Hook.

It is obvious that either Smith or Hook must yield his pretentions to the privilege of building.

If Smith's pretentions must yield to those of Hook, because he is higher up the river, some one immediately above Hook might claim the preference of Hook, and so on to the head of the river: nobody could have a mill, if it were an objection that another, whose site would be overflown by the lower dam, wished to build; for it must be recollected, that skill and capital can make a site for a mill on any river.—But the Law makes no account of damage done to one owning the bed of the river, because the water is deepened in the channel by the erection of a dam below. It is when the banks are overflown, and the adjoining lands are inundated, that damages are allowed to the owner of those lands.

By the finding of jury it appears, that the dam petitioned for by Hook would cause the water to inundate the land of Smith, which in law is esteemed an injury; whereas the dam petitioned for by Smith only deepens the water in the channel which the law accounts no injury. Supposing each mill site of equal value to the public, this was reason enough to justify the court in granting the petition of Smith and in refusing to grant that of Hook.

I make no account of the circumstance that Smith's petition was filed a few hours before the other, or even a few days would have been a matter of indifference in my view. Both cases were considered by the court at the same time, and very properly at the same time.

The damage assessed to Smith by the jury, on Hooks petition, is so very small, that had the court decided in Hooks favor, I should not have been disposed to disturb its judgment. But the court having decided in favor of Smith, by the erection of whose dam no injury is done to any body by inundation, I am of opinion, that the decision of the court ought to be affirmed. In this case Judge Napton does not sit, and the other Judge differing in opinion from me, the judgment of the circuit court is affirmed in each case. ent mill dams across the Lamine river. The jury assessed damages, on the petition of H to ten dollars by inundation of the land of S. On the petition of S they returned that no land would be inundated, or other injury done, by the erection of his dam. The site of H was a mile and a half higher up the stream than the site of S.— Both cases were heard by the court at the same time. Held, that the circuit court did not improperly exercise its discretion in granting the petition of S and refusing that of H.

McGirk Judge dissenting.